Dear Commissioner Terrell:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Board of Election Supervisors. You indicate that R.S. 18:423 established the Parish Board of Election Supervisors as consisting of the parish Clerk of Court, the parish Registrar of Voters, a member of the Executive Committee for each recognized political party or his or her designee, and a member designated by the Governor, with the provision that the Clerk of Court and Registrar of Voters may appoint a designee to serve in their place in their absence. You further noted that R.S. 18:1313 permits the Board of Election Supervisors to utilize absentee commissioners to count the absentee ballots in the parish. You stated, "Section 423 E sets the compensation for each Board of Election Supervisors members at $50 per day, not to exceed five (5) days, actually spent in the performance of his or her duties in preparing for and supervising an election held in the parish." Based upon these provisions you ask the following:
 1. Does the ability to use absentee commissioners provided for in Section 1313 obviate the need for the Board of Election Supervisors members or their designees as provided by law, to be present to count and certify absentee ballots?
 2. If the clerk or registrar sends a designee as opposed to attending himself or herself, should the clerk or registrar or his/her designee be paid the $50 stipend for serving in that capacity?
 3. If a member of the Parish Board or his/her designee fails to attend a meeting of the Board of Election Supervisors, should that person receive a $50 stipend?
 4. If less than a majority of Board of Election Supervisors or their statutorily approved designee attends an absentee count, sealing, unsealing of machines or any other Board function, has a meeting occurred and should any of the members be paid?
In response to your first question as to whether the members of the Board of Election Supervisors or the designees must be present to count and certify absentees in light of the ability to use absentee commissioners, we would conclude by the provisions of R.S. 18:1313 they are not mandated to be present. The statute provides they "shall beresponsible for counting and tabulation of all absentee ballots in the parish", but it further provides they "may utilize absentee commissioners to count the absentee ballots in the parish." Having the responsibility for counting and tabulation of the absentee ballots is not a mandate that they personally carry out the counting, but requires that they see that it be properly done.
We find that Atty. Gen. Op. 94-322 and Atty. Gen. Op. 81-1156 answer your second and third questions.
In regard to payment of the $50 stipend when the clerk or registrar sends a designee to attend a meeting for him, this office noted in Atty. Gen. Op. 94-322 that members of the Board are the registrar of voters, the clerk of court, the chairman of the executive committee of each recognized political party or the chairman's designee, and a member appointed by the governor. It then concluded "only the members of the board listed above can receive compensation. In addition, the only designees allowed to substitute for a member are for the clerk of court and registrar of voters. Since these designees are not members of the board, compensation should not go to them."
In Atty. Gen. Op. 81-1156 this office was asked if a member is absent and sends a representative, to whom is the $50.00 per day payment made. This office stated, "Where a member is not in attendance at the meeting of the board, he is not in performance of his duties as delineated in Title 18. Therefore, since payment is only for those days spent `. . . in the performance of their duties . . . .', no payment should be made where a member has not attended in person."
Therein this office additionally stated as follows:
 Furthermore, as stated before, a representative may not effectively serve to formally perform those duties and, consequently, neither he, nor the member whom he represents, is authorized to be compensated for that day's attendance. R.S. 18:423(B) defines `duties' as `. . . the supervision of preparation for and conduct of all elections held in the parish . .'. For each day spent by a member performing this function, he is to be compensated in accordance with Act 77 of 1981. Where a meeting is called to execute those duties, attendance is required to effect performance.
In your final question you ask if less than a majority of the Board of Election Supervisors or their statutorily approved designee attends an absentee count, sealing, unsealing of machines or any other Board function, has a meeting occurred and should any of the members be paid.
In Atty. Gen. Op. 78-600, in answer to the question of secretary of the St. James Parish Board of Supervisors of Elections of what is a quorum, this office stated a quorum is a majority of the members of a body, and further advised voting by proxy is prohibited.
Similarly, in Atty. Gen. Op. 92-299 this office related that "a `meeting' means the convening of a quorum of a public body to deliberate or act on a matter over which the body has supervision" and "a `quorum' means a simple majority of the total membership of a public body." (Emphasis added.)
Additionally, in Atty. Gen. Op. 81-1156, referenced hereinabove, this office stated while there is nothing in the Election Code which prohibits a member of the board of election supervisors from being represented at a meeting of the board, R.S. 42:5(B) prohibits each public body from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1
through R.S. 42:8. It was reasoned although a member of the parish board of election supervisors may be informally represented, that representative is without authority to act in any formal capacity on behalf of absent member.
While this office has recognized in Atty. Gen. Op. 89-602 that less than a quorum may meet without violating the law provided no decisions, votes, or other action is taken, your question is in regard to a meeting of less than a majority to take action required in the performance of their duty. If less than a majority of the Board of Election Supervisors are in attendance at a meeting called to execute the duties of the Board for absentee count, sealing, unsealing of machines or any other Board function "action taken by the Board in the absence of a quorum, * * * is without legal effect." Atty. Gen. Op. 92-51.
Since this office has found that performance of some duty by the member is required to permit compensation, and a majority of the members is required for the Board to perform its duty, we would conclude without a majority no public meeting occurred in furtherance of the duties of the Board, and there should be no payment since there was a failure to act by the Board. As quoted hereinabove, "Where a meeting is called to execute those duties, attendance is required to effect performance."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: December 4, 2001